UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| EROL ALI CETINOK,<br><br>              Plaintiff,<br><br>    v.<br><br>ACELL INC.,<br><br>              Defendant. | CAUSE NO.: 4:16--34-TLS |

## OPINION AND ORDER

This matter is before the Court on the Defendant's, ACell Inc., Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure [ECF No. 33], the Plaintiff's, Erol Ali Cetinok, Motion to Extend Time to Respond to Defendant's Motion to Dismiss [ECF No. 37], the Defendant's Motion to Extend Dispositive Motion Deadline until 30 Days after Defendant's Motion to Dismiss is Decided [ECF No. 41], the Plaintiff's Motion to Request Protective Order Against Defendant's Request for Documentation, Information, and Questions/Answers Related to the Following (Request 3; Interrogatory 6) [ECF No. 43], and the Plaintiff's Motion to Request Protective Order Against Defendant's Request for Documentation, Information and Questions/Answers Related to the Following (Requests 6 and 7; Interrogatories 3, 4, and 5) [ECF No. 44].

## BACKGROUND

The Plaintiff filed a Complaint [ECF No. 1] on April 25, 2016, alleging that the Defendant violated his civil rights to be free from employment discrimination on the basis of his religion and religious beliefs pursuant to Title VII of the Civil Rights Act of 1964 and Title 1 of the Civil Rights Act of 1991. The Plaintiff claims that the Defendant terminated his employment

due to his religious beliefs. (Pl.'s Compl. ¶¶ 1, 31.) The parties subsequently engaged in extensive motion practice, and several of these motions are now ripe for review.

## ANALYSIS

### A. Defendant's Motions

The Defendant has filed two motions for the Court to consider—a Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure [ECF No. 33], and Defendant's Motion to Extend Dispositive Motion Deadline until 30 Days after Defendant's Motion to Dismiss is Decided [ECF No. 41]. For the reasons articulated below, the Court DENIES the Defendant's Motion to Dismiss and GRANTS the Defendant's Motion to Extend the Dispositive Motion Deadline.

#### 1. *Motion to Dismiss*

The Defendant moves pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b) to dismiss the Plaintiff's Complaint for failure to participate in discovery. The Defendant also moves for attorneys' fees accrued in defending this action. Federal Rule of Civil Procedure 37(b)(2) provides the means by which courts may dismiss a case as a sanction against a party who fails to comply with a court order or fails to comply with or permit discovery. Fed. R. Civ. P. 37(b)(2). As a discovery sanction under Rule 37, a district court may dismiss a case upon finding that the plaintiff, through his actions, displayed willfulness, bad faith, or fault. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), overruled on other grounds by *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 777 (7th Cir. 2016). In contrast, Federal Rule of Civil Procedure 41(b) authorizes the sanction of dismissal, upon a party's motion, based on a "clear record of delay or contumacious conduct." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). Because the Defendant seeks the

sanction of dismissal based on purported discovery abuses, the Court applies the standard of willfulness, bad faith, or fault under Rule 37. *See Brown*, 664 F.3d at 190-91 (describing the Rule 41(b) standard as "stricter" than the standard under Rule 37(b) and recognizing that "a finding of willfulness, bad faith or fault is only necessary if Rule 41(b)'s 'clear record' of delay is not present" (quoting *Maynard*, 332 F.3d at 468)).

The Seventh Circuit requires that evidence of discovery abuse under Rule 37 be shown by a preponderance of the evidence. *Ramirez*, 845 F.3d at 777. Moreover, the Seventh Circuit has stated that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v. City of Chicago*, 333 F. 3d 780, 786 (7th Cir. 2003).

Such a sanction is inappropriate in this case. The Defendant has not met its burden of showing that the Plaintiff displayed willfulness, bad faith, or fault. The Plaintiff has participated in this case, including producing documents for discovery [ECF No. 32]. Furthermore, the Plaintiff is pro se and may not be aware of the harsh sanction he could face as a result of failing to adequately respond to discovery. *R R v. City of East Chicago, Ind.*, No. 2:12-CV-93, 2013 WL 4674815, at *3 (N.D. Ind. Aug. 30, 2013). Therefore, the Court DENIES the Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure [ECF No. 33].

**2.** *Motion to Extend Dispositive Motion Deadline*

On April 30, 2018, the Defendant filed a Motion to Extend Dispositive Motion Deadline until 30 Days after Defendant's Motion to Dismiss is Decided [ECF No. 41]. The Court GRANTS the Defendant's Motion [ECF No. 41] and extends the dispositive motion deadline until **July 31, 2019**. However, the Court notes that discovery in this matter is closed and will not

reopen with the extension of this deadline. The Plaintiff has provided the Defendant with discovery, and discovery in this case closed in March 2018. Further, the Court has already granted the Defendant's first Motion to Compel [ECF No. 31], and it is unclear what, if any, benefit there would be in extending the discovery deadline.

**B.     Plaintiff's Motions**

The Plaintiff has filed three Motions—a Motion to Extend Time to Respond to Defendant's Motion to Dismiss [ECF No. 37], and two Motions for Protective Orders [ECF Nos. 43, 44]. For the reasons stated below, the Court GRANTS the Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss and DENIES the Plaintiff's Motions for Protective Orders.

**1.     *Motion for Extension for Time to file Response as to Motion to Dismiss***

The Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss [ECF No. 37] is GRANTED insofar as the Court considered the Plaintiff's Responses to the Defendant's Motion to Dismiss [ECF Nos. 39, 42].

**2.     *Motion for Protective Orders***

The Plaintiff filed two Motions for Protective Orders—Plaintiff's Motion to Request Protective Order Against Defendant's Request for Documentation, Information and Questions/Answers Related to the Following (Request 3; Interrogatory 6) [ECF No. 43], and Plaintiff's Motion to Request Protective Order Against Defendant's Request for Documentation, Information and Questions/Answers Related to the Following (Requests 6 and 7; Interrogatories 3, 4, and 5) [ECF No. 44]. The Plaintiff argues that the information requested will contain sensitive material of the Plaintiff's company and clients, which may result in future legal action. (Pl.'s Mot. at 3, ECF No. 43.) The time for the Plaintiff to object to the Defendant's discovery requests has passed as Magistrate Judge Cherry already ruled on the Defendant's Motion to

Compel [ECF No. 31] and the Plaintiff did not object. Therefore, the Court DENIES the Plaintiff's Motions for Protective Order [ECF Nos. 43 and 44].

## CONCLUSION

Based upon the foregoing, the Court:

1. DENIES the Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure [ECF No. 33];

2. GRANTS the Defendant's Motion to Extend Dispositive Motion Deadline until 30 Days after Defendant's Motion to Dismiss is Decided [ECF No. 41] and extends the dispositive motion deadline to **July 31, 2019**;

3. GRANTS the Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss [ECF No. 37];

4. DENIES the Plaintiff's Motion to Request Protective Order Against Defendant's Request for Documentation, Information and Questions/Answers Related to the Following (Request 3; Interrogatory 6) [ECF No. 43]; and

5. DENIES the Plaintiff's Motion to Request Protective Order Against Defendant's Request for Documentation, Information and Questions/Answers Related to the Following (Requests 6 and 7; Interrogatories 3, 4, and 5) [ECF No. 44].

SO ORDERED on May 29, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT